PER CURIAM:
On December 4, 1990, the claimant was traveling east on Interstate 64 in a freezing rain storm with poor visibility when his vehicle went over a broken section of concrete near the entrance to the West Virginia Turnpike in Kanawha County. It was approximately 9:15 p.m. The claimant described the hazard as four feet wide and two feet deep. The damage to his vehicle was caused by the broken concrete in the road and not by the hole itself. The claimant testified that he avoided the hole, but struck the pieces of concrete strewn along the lane in which he was traveling. His 1987 Toyota Corolla sustained unspecified damage to the front axle, struts, rims, tires, and wheel assembly. The damage was repaired at a cost of $1,636.06, and was paid by the claimant’s insurer, Aetna Casualty. However, $250.00 of this sum was paid by the claimant as *91 his deductible. The Court will consider only the claimant’s portion of his deductible as a recoverable loss in this matter. Accordingly, Aetna Casualty as Subrogee of Gary L. Norman, is dismissed as a party in this claim pursuant to the Court’s holding in Wanita Sommerville/State Farm Fire and Casualty vs. Div. of Highways, Claim no. CC-89-374, an unpublished Opinion disallowing subrogation by vehicle insurers as moral obligations of the State, issued January 4, 1991.
The respondent denied negligence as it did not have adequate notice of the hazardous condition. Herbert C. Boggs, an Interstate Maintenance Assistant responsible for the highway at the accident site, testified that his office did not have prior notice of the described hole nor of pieces of concrete scattered along the road. Although he acknowledged that pavement may “blow-up” as the result of freezing weather, his office was unaware of this occurrence at the accident site until a telephone call came in at 9:15 p.m. on December 4, 1990.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The facts indicate that the respondent did not have prior notice. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. This burden has not been satisfied. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be half liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It is the opinion of the Court that the respondent did not have adequate notice of the broken concrete which resulted from the concrete “blow-up” on the highway. The Court is familiar with incidents of this nature occurring on concrete portions of highways and/or interstates in West Virginia. The respondent is unable to determine when such events will occur. The respondent is under a duty to warn the traveling public and/or to repair such areas, but it must be
afforded adequate time in which to act after it has received notice of the incident.
In accordance with the findings of the Court, this claim must be denied.
Claim disallowed.